(173 App. Div. 844)

### WILLS v. NATIONAL CARBON CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. PRINCIPAL AND AGENT ⊝—120(1)—AUTHORITY OF AGENT—EVIDENCE—ADMISSIBILITY.

In an action for the purchase price of goods sold through defendant's agent, evidence of the details of defendant's method of doing business, as between its general manager and such agent, *held* admissible as tending to show that agent's authority did not include the purchase of the goods involved.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 402, 404, 408, 410, 411; Dec. Dig. ⊝—120(1).]

2. PRINCIPAL AND AGENT ⊝—120(1)—AUTHORITY OF AGENT—EVIDENCE—ADMISSIBILITY.

In an action for the purchase price of goods sold through defendant's agent, evidence as to instructions by defendants' manager to such agent, tending to show that such agent had no authority to purchase the goods in question, *held* admissible.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 402, 404, 408, 410, 411; Dec. Dig. ⊝—120(1).]

⊝—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ☞1056(1)—REVIEW—EXCLUSION OF EVIDENCE—PREJU-
DICIAL ERROR.

    In an action for the purchase price of goods sold through an agent, the
refusal to permit defendant to introduce evidence tending to show that
such agent had no actual authority to purchase the goods in question
*held* reversible error.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187,
4191, 4207; Dec. Dig. ☞1056(1).]

Appeal from Trial Term, New York County.

Action by Arthur J. Wills against the National Carbon Company.
Judgment for plaintiff on verdict, and defendant appeals. Reversed
and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT,
DOWLING, and DAVIS, JJ.

George Hahn, of New York City, for appellant.
George H. Mitchell, of New York City, for respondent.

DOWLING, J. The plaintiff has recovered from defendant the
value of an automatic filling machine claimed by him to have been sold
to the defendant, the function of which was to take flat cartons, erect
them, close the bottom, put in the contents, consisting of one of de-
fendant's dry batteries, close the top, and as the completed package
came from the machine keep count of the number handled. The
plaintiff, in order to establish the sale in question, was obliged to rely
upon the authority of Jacob W. Voorhis, defendant's purchasing agent,
for he had no transactions of any kind with any one connected with
defendant in relation to the alleged purchase, save with said Voorhis.
Not only were his personal transactions all had with Voorhis, but the
correspondence in the case is between Voorhis and plaintiff, and no
official of the defendant company ever communicated with plaintiff in
reference to this machine, nor does he seem to have communicated
directly with the company, but only through Voorhis.

The making of the contract was denied by Voorhis, who claimed
that the plaintiff had taken the risk of constructing the machine in
the hope that he would be able to satisfy the defendant of its utility
and thus effect its sale, while plaintiff's testimony as to the alleged
sale is that Voorhis told him to go ahead and agreed to pay $3,000
for it. Plaintiff admits that, although he had a written form of sale
prepared for the defendant's acceptance, Voorhis refused to sign it,
and in fact it never was signed.

The learned trial court charged the jury that the uncontradicted tes-
timony was that Voorhis was merely the purchasing agent of the de-
fendant, and that the ordinary and usual course of business in its
dealings was to have his purchases, before they were made, authorized
by the general manager; further, that in dealing with Voorhis the
plaintiff was bound at his peril to inquire and ascertain the extent and
power of his authority as an agent, and had no right to assume that
he was authorized to bind the defendant by any contract he might
make with the plaintiff; also that the defendant was not liable if
Voorhis exceeded his actual authority, unless plaintiff believed, and

had a right to believe from the conduct of the defendant, that the act was within his authority; also that the mere fact that the communications sent by Voorhis to the plaintiff appeared upon the stationery of the defendant did not of itself make it liable for anything which he might have written or said. The court also charged that the defendant was responsible only for such appearance of authority on the part of Voorhis as was caused by the defendant itself, and not for such appearance of conformity to authority as was caused by Voorhis only.

The case was submitted upon the theory that, although there was no proof of actual authority upon the part of Voorhis to bind the company, the latter could nevertheless clothe him with apparent authority to bind it, upon which one dealing with Voorhis might rely, by its conduct, its acts, and the manner in which it permitted its business to be conducted. So far as the jury found any apparent authority given by the defendant to Voorhis to bind it, the finding was against the weight of the evidence, for no act of the defendant is shown which authorized Voorhis to represent it, save the application to him of the term "purchasing agent," and the undisputed testimony is that he only investigated prices and conditions in the market, and reported them to defendant's general manager, who authorized him to purchase goods on printed requisitions.

[1, 2] When the defendant sought to corroborate this testimony by that of the general manager, the court would not allow him to testify, saying that he saw no occasion for the repetition of the testimony, as the defendant's other witness was obviously telling the truth about it. Not only was there no evidence of Voorhis' authority, save such as might be inferred from his title (which was overcome by the testimony as to the limited nature of his powers), but the defendant was not allowed to show the details of the method of doing business of the defendant, as between the purchasing agent and the general manager, and was not permitted to show that the general manager had not authorized Voorhis to purchase the machine in question from the plaintiff.

[3] Reversible error was committed in the exclusion of the following questions: To Voorhis, as to whether he received instructions or authorization from the general manager to purchase the machine or order the same, as to what Hubert said to him in relation to the machine, and the refusal to allow defendant to show what actually transpired between Voorhis and the general manager in relation to this machine; to Hubert, as to whether he ever said anything to Voorhis in regard to the purchase of the machine in question, and also as to the course of business in the year 1914 in relation to the purchase of materials and supplies, between Voorhis and Hubert.

The judgment and order appealed from will therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.